**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PASCUALA MEZA GUTIERREZ,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

**CASE NO.** 5:26-CV-04038-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    INTRODUCTION

On July 20, 2026, Petitioner Pascuala Meza Guitierrez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.)  The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that she is being held in violation of the Constitution and laws of the United States.  (*See generally* Pet.)  The Petition names as Respondents Warden, Adelanto ICE Processing Center; Ernesto Santacruz, Field Office Director, ICE; Dave Venturella, Acting Director, ICE;

Markwayne Mullin, Secretary of United States, Department of Homeland Security ("DHS"); Todd Blanche, Acting Attorney General of the United States ("Respondents"). (Pet. 1.[1]) On July 27, 2026, Respondents filed an Answer to the Petition stating that they "are not presenting any opposition argument at this time." (Ans., ECF No. 7, at 2.) On July 28, 2026, Petitioner filed her Reply. (Rep., ECF No. 8.) In light of Respondents' decision not to oppose the Petition, the Court GRANTS the Petition, ORDERS that Petitioner be released immediately, and ENJOINS Respondents from re-detaining Petitioner without a custody hearing conducted in the manner described below.

## II.    BACKGROUND

The Petition attaches the following documents: (1) ICE Detainee Locator, Showing Petitioner's Current Location ("Exhibit A"); (2) Executive Office of Immigration Review ("EOIR") Automated Case Information ("Exhibit B"); (3) Petitioner's Notice to Appear ("NTA") ("Exhibit C"); and (4) Interim Notice of Parole for One Year ("Exhibit D"). (Pet., Exs. A through D, ECF No. 1 at 21–30.) The Petition alleges that Petitioner is a citizen and national of Honduras who entered the United States on or around July 12, 2023 and was detained, but was then released on parole after it was determined that she was neither a flight risk nor a danger to the community. (Pet. ¶ 35; Pet., Exs. C–D.) Pursuant to the information in the NTA, Petitioner appeared on November 24, 2023, in the Santa Ana immigration court, but was told that she did not have a pending case. (Pet. ¶¶ 35–36.) Thereafter, Petitioner resided with family, created community ties, was gainfully employed, and had no criminal arrests or convictions. (Id. at ¶ 37.)
///

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

Petitioner was arrested by ICE on July 2, 2026.  (*Id.*)  Weeks before, she had been contacted by ICE because her son had entered the United States as an unaccompanied minor child and ICE wanted to determine her eligibility to receive him.  (*Id.*)  The day of Petitioner's arrest, an ICE officer called her and confirmed her name and where she would be at a certain time; ICE was then waiting for her outside of her place of employment.  (*Id.* at ¶ 38.)  ICE also indicated that it cannot release her son and will remove him if she does not pick him up within one month, which she cannot do while detained.  (*Id.* at ¶ 39.)  Petitioner remains detained pending removal proceedings.  (*Id.* at ¶ 40.)

### III.   PETITIONER'S CLAIMS

Petitioner challenges her detention on three grounds:  (1) Violation of Fifth Amendment Right to Due Process (Substantive Due Process—Detention) (Pet. ¶¶ 41–48); (2) Violation of Fifth Amendment Right to Due Process (Procedural Due Process—Detention) (*id.* at ¶¶ 49–56); and (3) Violation of the Administrative Procedure Act, 5 U.S.C. §§ 702, 706 (*id.* at ¶¶ 57–61).  Petitioner seeks immediate release from custody and a permanent injunction prohibiting Respondents from re-detaining her unless her re-detention is ordered at a custody hearing, before a neutral arbiter, where the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.  (*Id.* at 17.)  Respondents do not oppose either request.  (Ans. 2.)

### IV.   DISCUSSION

The Petition alleges that Petitioner's re-detention after initial release on parole without a pre-deprivation hearing is a violation of due process and the APA.  (Pet. ¶ 1; *see also id.* at 10–16.)  She argues that she is therefore entitled to immediate release from custody and a permanent injunction prohibiting Respondents from re-detaining her unless her re-detention is ordered at a custody

hearing, before a neutral arbiter, where the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. (*Id*. at 17.) Respondents do not argue otherwise. (Ans. 2.)

The Petition is granted based on Respondents' non-opposition to the relief sought. *See Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). "In our adversarial system of adjudication, we follow the principle of party presentation. . . . '[I]n both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). While exceptions may be made in criminal cases to protect the rights of pro se defendants, "as a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375–76 (quoting *Greenlaw*, 554 U.S. at 386 (Scalia, J., concurring in part and concurring in judgment)) (alteration in original). In fact, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the parties. *Margolin v. Nat'l Ass'n. of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (citing *Sineneng-Smith*, 590 U.S. at 375–76).

Here, Respondents are represented by competent counsel, have full access to all the relevant facts concerning Petitioner's detention, and have expressly declined to oppose Petitioner's request for either immediate release or injunctive relief. Nor

have they presented any evidence at all to suggest that Petitioner is either a flight risk or a danger to society.  If Respondents—those responsible for holding Petitioner in custody—do not put forward any lawful basis to justify that custody, it would violate the party presentation principle for this Court to generate reasons on its own.  It is therefore appropriate to grant the relief requested.

## V.    CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.  The Petition is GRANTED;

2.  Respondents MUST RELEASE Petitioner Pascuala Meza Guitierrez (A 246-925-329) from custody within 24 hours of entry of this Order;

3.  Respondents MUST FILE a Notice of Compliance, notifying the Court that Petitioner has been released, no later than three calendar days from the date of this order.  Upon receipt of the Notice of Compliance, the Court will enter judgment accordingly; and

4.  Respondents are ENJOINED from re-detaining Petitioner unless her re-detention is ordered at a custody hearing, before a neutral arbiter, where the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

DATED:  July 29, 2026

_____
CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE